## Commonwealth v. Benner

*Jerry A. Snyder, Assistant District Attorney,* for Commonwealth.

*Robert E. Donatelli* and *Thomas C. Anewalt,* for defendant.

DIEFENDERFER, *J.,* October 2, 1980—On April 27, 1980 defendant was stopped by an officer of the Allentown Police Department after defendant had allegedly struck some parked vehicles. After defendant was stopped, the prosecuting officer testified that he had come to the opinion that defendant was probably operating his motor vehicle while under the influence of intoxicating liquor and took defendant to police headquarters for the purposes of administering appropriate tests in respect to such opinion.

On said date the prosecuting officer issued a citation against defendant for violation of section 3745 of the Vehicle Code, 75 Pa.C.S.A. §3745, accidents involving damage to unattended vehicle or property. Defendant paid that traffic citation on May 6, 1980 in the sum of $35. Thereafter, the same prosecutor on May 13, 1980 filed a complaint against defendant alleging that on April 27, 1980 defendant did operate his motor vehicle while under the influence of alcohol in violation of section 3731 of the Vehicle Code, 75 Pa.C.S.A. §3731. The record further reveals that the magistrate's transcript shows that the driving while under the influence of alcohol charge was waived to court, but no date is recorded for such waiver, merely that the date of the offense is stated in the transcript, namely, April 27,

1980. A criminal information was filed by the District Attorney of Lehigh County on August 13, 1980 for said charge.

On September 22, 1980 defendant filed an omnibus pretrial motion in the nature of a motion to quash said information. A hearing was held thereunder by this court on September 25, 1980.

The standard controlling when certain prosecutions are barred by former prosecutions is controlled by section 110 of the Crimes Code, 18 Pa.C.S.A. §110, which states as follows:

"Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances: (1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for same offense) and the subsequent prosecution is for: (i) any offense of which the defendant could have been convicted on the first prosecution; (ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdiction of a single court unless the court ordered a separate trial of the charge of such offense; or (iii) the same conduct, unless: (A) the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil; or (B) the second of-

fense was not consummated when the former trial began."

Defendant alleges that the second offense charged by the prosecuting officer is an offense based on the same conduct and arising from the same criminal episode as the previous offense and as such, the former prosecution of the offense under section 3745 in which defendant paid a fine therefore bars the prosecution of the second prosecution for violation of section 3731.

There is no question in the court's mind and on the basis of the testimony presented that the arresting officer at the time of the offense was fully aware of the possible charges of driving while under the influence of alcohol. In fact, the prosecuting officer took defendant to police headquarters that same evening to administer the appropriate tests for such an offense. Therefore, such offense was obviously known to the prosecuting officer at the time of the commencement of the original citation. It is likewise clear that the subsequent offense was based on the same conduct and arising from the same criminal episode.

On the basis of the statutory provision of section 110, it, therefore, appears clear that his second offense in this matter is barred by the previous initiation of the summary proceeding and the payment of fine and costs by defendant.

## ORDER

Now, October 2, 1980, on the basis of the attached opinion, defendant's motion to quash said information is hereby granted.